IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY DON HARTLESS | § | |
| v. | § | CIVIL ACTION NO. 9:09cv4 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Jerry Hartless, proceeding through counsel, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hartless was convicted of murder in 2005, over his plea of self-defense. He contends in his federal habeas corpus petition that he received ineffective assistance of counsel in various particulars, including assertions that his trial counsel, Joe Heath, failed to properly investigate his claim, failed to challenge the testimony of the pathologist or retain an expert to challenge this testimony, failed to call additional witnesses who could have supported his claim of self-defense, failed to call witnesses to challenge testimony at sentencing about an incident which had occurred in 1978, and that the State manipulated testimony and had witnesses testify contrary to what they had originally told the police.

The Magistrate Judge ordered the Respondent to answer the petition and received copies of the state court records. Hartless did not file a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report on March 15, 2010, recommending that the petition be dismissed. The Magistrate Judge concluded that: Hartless did not show any basis upon which the pathologist's testimony could have been reasonably challenged; the claim that counsel did not retain an expert was procedurally defaulted; the failure to call two witnesses to the incident, Hartless' wife and Roy Edwards, was trial strategy and thus entitled to deference; Hartless failed to show that any of the witnesses from the 1978 incident would have testified or two of them, his trial counsel from that incident and his ex-wife, had pertinent testimony about it; and that Hartless' claim that the State manipulated testimony was procedurally defaulted and lacked merit in any event. The Magistrate Judge further recommended that Hartless be denied a certificate of appealability *sua sponte*.

Hartless filed objections to the Magistrate Judge's Report on April 19, 2010. In his objections, Hartless first challenges the Magistrate Judge's determination concerning the failure to call his wife and Roy Edwards. He acknowledges that the calling of witnesses is generally trial strategy, but says that in this case, it was critical to show that the deceased, Billy Bob Wallace, was coming toward Hartless and was not still on the ground when the shots were fired. Thus, he says the failure to call his wife cannot be excused as trial strategy.

Specifically, Hartless argues that it was not reasonable for his trial attorney to rely solely on Hartless' own testimony about the deceased's actions, "since clearly petitioner had an interest in the outcome. Thus in this situation the failure to call Mr. Hartless cannot be excused as trial strategy." It is difficult to see how Defendant's wife was not a similarly interested witness.

Additionally, as the Magistrate Judge observed, there are certain discrepancies between Betty's statement and Hartless' own testimony. While it is true that Betty's statement indicates that Wallace had stood up and started for Hartless before being shot, Hartless testified that Wallace was holding a knife in his hand, Betty said nothing about a knife, only that Wallace was known to carry one. Heath's affidavit in the state court proceedings said that Betty's statement did not confirm the version of events given by Hartless. The Magistrate Judge concluded that the question of whether

2

the discrepancies between Betty's statement and Hartless' version of events justified the failure to call her as a witness was a matter of trial strategy, noting that claims of failure to call witnesses are "not favored" because the presentation of witness testimony is essentially strategy and speculation as to what the witness might have testified is too uncertain. *See* Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). Hartless' objections do not overcome the presumption that the failure to call Betty Hartless to testify was a matter of trial strategy and thus within trial counsel's domain. Strickland v. Washington, 466 U.S. 668, 689 (1984) (noting that in an ineffectiveness claim, the habeas petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy, and that the federal courts are bound to give "great deference" to the trial strategy employed by counsel). This objection is without merit.

With regard to the other suggested witness, Roy Edwards, the Magistrate Judge observed that Edwards' statement to the police said that Hartless had shot Wallace "for no reason that I could see" and that Hartless had shot him "in cold blood." In his objections, Hartless fails to mention these assertions, saying only that Edwards had said that he saw Wallace get up and start toward Hartless and that he heard three shots at that point, and that while he did not see Wallace's knife at first, it was there when the police rolled over the body. Although Hartless suggests that it is "not necessary" to show that Edwards would have testified for him, he fails to show how counsel acts ineffectively by failing to call a witness with unfavorable testimony. Edwards' statements plainly indicate that he did not believe that Hartless was acting in self-defense or had any other valid reason to shoot Wallace, and Hartless offers no reason to suppose that Edwards would have testified any differently at trial. His claim on this point is without merit.

Second, Hartless asserts that his right to due process was violated when the State manipulated testimony and had the witnesses testify contrary to what they had originally told the police. He says that the fact that he had the opportunity to cross-examine the witnesses and bring the inconsistencies to the attention of the jury is irrelevant to a due process claim, for which he says that the violation

was the manipulation of the testimony itself; Hartless says that "all of the witnesses changed their testimony in the same manner."

The Magistrate Judge noted that Hartless' claim of a due process violation through the manipulation of testimony had not been raised in Hartless' direct appeal or in his state habeas proceedings, and so the issue was procedurally defaulted. Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995). Hartless makes no mention of the procedural default in his objections, and so his objections on this point are without merit.

Third, Hartless discusses the testimony at the sentencing proceeding. The State called a game warden named Wes Clogston who testified as to an incident in which Hartless was charged with aggravated assault on a peace officer, although two trials resulted in hung juries. Hartless contended that Heath should have called Hartless' trial attorney, his ex-wife, and an individual involved in the alleged incident.

Hartless suggests that it was not necessary to establish that the witnesses would have agreed to testify. This is not correct. The Fifth Circuit has held that to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness' proposed testimony, and show that the testimony would have been favorable to a particular defense. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009), *citing* Alexander, 775 F.2d at 602. As the Magistrate Judge said, Hartless has made no such showing regarding the proposed witnesses concerning the 1978 incident, and so his objection on this point is without merit.

Finally, Hartless says that it "was not reasonable" for the Magistrate Judge to presume that Clogston's testimony did not play a significant part in the jury's decision to assess a 60-year sentence. No such presumption appears in the Report; rather, the Magistrate Judge correctly stated that the burden of proof rested upon Hartless to show a reasonable probability that his sentence would have been "significantly less harsh" had it not been for counsel's alleged errors. Dale v. Quarterman, 553 F.3d 876, 880 (5th Cir. 2008). The Fifth Circuit explained in Dale that such a

showing should take into account such factors as the actual sentence, the potential minimum and maximum sentences, the placement of the actual sentence within this range, and any mitigating or aggravating circumstances.

In the present case, Hartless argues that Clogston's testimony was the most significant evidence offered at sentencing, and there is no doubt that testimony concerning an assault on a game warden performing his duties would be significant. However, there was also other evidence, including testimony that: Hartless had tried to run two black teenage bicyclists off the road with his truck, while yelling racial slurs at them; Hartless had threatened to kill Wallace a few days before actually doing so, over allegations that Wallace had stole a boat motor from him; Hartless boasted that he was "always armed;" Hartless would drive by Wallace's sister's house, after the killing, and stop and stare at anyone who happened to be on the porch; and in 2002, Hartless had been placed on bond but had violated the conditions of this bond by possessing a firearm.

The range of punishment in this case was five to 99 years or life. Hartless received a 60-year sentence, which is somewhat above the midpoint of this range (52 years). As the Magistrate Judge said, even had the jury disregarded Clogston's testimony entirely, there was nonetheless ample evidence to justify a sentence in the range which was ultimately assessed, and Hartless failed to show a reasonable probability that his sentence would have been "significantly less harsh" had Heath been able to challenge Clogston's testimony successfully. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause and the Report of the Magistrate Judge. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jerry Hartless is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

So **ORDERED** and **SIGNED** this **17** day of **May, 2010.**

_____
Ron Clark, United States District Judge